Karyn OSBORN, Plaintiff—Appellee,

v.

LEADER INSURANCE COMPANY,
Defendant—Appellant.

No. 03–17315.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 2005.

Decided April 26, 2005.

Michael D. Michel, Michel & Fackler, Emeryville, CA, for Plaintiff–Appellee.

Mitchell C. Tilner, Esq., John A. Taylor, Jr., Esq., Horvitz & Levy LLP, Encino, CA, Jeffrey L. Crafts, Barbara J. Mandell, Gilbert Kelly Crowley & Jennett, LLP, Orange, CA, for Defendant–Appellant.

Before: NOONAN, THOMPSON, and RYMER, Circuit Judges.

MEMORANDUM *

Leader Insurance Company appeals from the judgment following a jury trial in favor of Karyn Osborn. We affirm.

___

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## I

■ Leader argues that the district court should have construed the policy as a matter of law without a typo that had the effect of providing uninsured motorist coverage for accidents caused by insured motorists, and should have precluded Osborn from arguing otherwise to the jury. However, there was no evidence of a typo and Leader never asked the court for any such construction. While it may not have been sensible for Leader to write a policy with the language Osborn's contained, it is not absurd as a matter of law because uninsured motorist coverage is required by statute and nothing prevents an insurer from providing broader protection. Osborn's argument tracked the plain meaning of the policy and was supported by evidence of how Leader dealt with it. Given this, the district court did not abuse its discretion in overruling Leader's objection to closing argument, nor was the jury allowed to reach its verdict based on a mistaken interpretation.

## II

■ Leader argues that the punitive damage award is infected by the same error, and also is unsupported by sufficient evidence. It agrees that our review is for plain error. There is evidence that the jury could find clear and convincing that Leader's conduct was oppressive as defined in California Civil Code § 3294: in addition to mishandling the claim, Leader knew that Osborn had suffered on-going head injuries, earned less than $20,000 a year, and had medical expenses at or near policy limits almost three years before it offered unconditional payment of Osborn's policy.

## III

Leader contends that the jury was instructed to consider its financial condition for an improper purpose under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), and *Romo v. Ford Motor Co.*, 113 Cal.App.4th 738, 6 Cal. Rptr.3d 793 (2003). However, the district court gave a *State Farm* instruction with input from Leader, and without objection. Leader's reliance on *Romo* to excuse its failure to object is unavailing because *Romo* simply applied *State Farm* and is not supervening authority. Unlike *Romo*, both the instructions and argument were tailored to *State Farm*; therefore, no new trial is warranted.

## IV

Leader maintains that in any event, the amount of punitive damages awarded is excessive under *State Farm*. We agree with the district court that, considering the *State Farm* guideposts and factors that inform the reprehensibility determination, the award was not unreasonable or duplicative. Accordingly, we decline to order a remittitur.

AFFIRMED.